*279 OPINION OF THE COURT
F. Warren Travers, S.
This is an application by three residents of the Peoples Republic of Albania to withdraw funds on deposit with the Comptroller of the State of New York to the credit of the within estate.
George Panagiotou, also known as George P. Verikis, died a resident of Rensselaer County, New York, on or about April 27, 1956.
By decree of accounting dated December 20, 1957, the administrator was directed to pay the distributive shares of Chrisavgi Panagiotou, Helene Panagiotou, and Constantina Panagiotou to the County Treasurer of Rensselaer County for the benefit of these three individuals. The reason set forth in the decree for such a direction was that these individuals "reside in Albania, a country presently under the domination of the Communist Regime of the Union of Soviet Socialist Republics.”
Thereafter, the funds in question were deposited by the Treasurer of Rensselaer County with the Comptroller of the State of New York.
Petitioners appear through the firm of Wolf, Popper, Ross, Wolf and Jones, designated as attorneys in fact.
The petition alleges that petitioners are the daughters of decedent; that Krisavji Panagiotou married Perikli Zeri on May 25, 1945 and took the name of Zeri; that Eleni Panagiotou married Dhimiter Polo on February 10, 1950 and took the name of Polo; that Konstandina Panagiotou married Aristotel Shahini on October 6, 1958 and took the name Shahini.
All three marriages are alleged to have taken place in Albania, and copies of the marriage certificates are attached to the petition. A translation of each certificate is also attached to the petition.
The Attorney-General objects to the relief sought and raises three points as follows: 1. The power of attorney is not in recordable form. 2. The claimants have not established their identity as the persons for whom the funds were deposited. 3. Failure to demonstrate that the persons entitled would have the "use, benefit and control” of the money.
The document purporting to be a power of attorney was accepted by the court for recording on February 16, 1978. By letter of February 17, 1978, the clerk of the court advised the *280 attorney, who had offered the document for recording, that an additional affidavit was required under rule 1940.22 of the Uniform Rules for Surrogate’s Courts in the Third Judicial Department (22 NYCRR 1940.22).
That section reads as follows: "§ 1940.22 Filing and recording powers of attorney. Pursuant to EPTL 13-2.3 no power of attorney affecting any interest in a decedent’s estate shall be filed or recorded unless the person offering the instrument for filing or recording shall furnish an affidavit of the attorney-in-fact, stating the circumstances under which the power of attorney was obtained; the post office address of the grantor; his relationship, if any, to decedent; the exact terms of compensation of the attorney-in-fact or any other person concerned with the matter; disbursements to be charged to the grantor; a copy of any agreement concerning compensation; and the name of any attorney representing the attorney-in-fact.”
The court finds that the power of attorney offered for recording is not in proper form, in that it does not contain a statement of the qualifications of the translator as required by CPLR 2101 (subd [b]).
Further, the affidavit submitted in an attempt to comply with rule 1940.22 (supra), is deficient for the following reasons: (a) the circumstances under which the power of attorney was obtained are not clearly set forth; (b) the exact terms of the compensation of the attorney in fact or any other person concerned are not set forth, in that it is unclear from a reading of the affidavit whether the attorney in fact and the attorney at law each receive 25%, or whether they share 25%; (c) disbursements to be charged to the grantors of the power of attorney are not set forth; (d) no copy of the agreement concerning compensation is furnished, nor is there a statement to the effect that no such agreement exists.
For the reasons stated above, the power of attorney is not properly recorded.
Concededly, the names of the claimants are not the same as set forth in the petition for letters and in the certificate of deposit.
Petitioners, all women, claim that they have married and have taken the names of their respective husbands.
In support of this claim, petitioners submit marriage certifi *281 cates purportedly from Albania, and in a foreign language with an English translation.
These certificates also fail to comply with CPLR 2101 (subd [b]). Also, they are not properly authenticated as mandated by CPLR 4542.
In view of the foregoing, the court does not reach and does not pass upon the issue of "use, benefit and control”.
In the present state of the record, the petition is dismissed, without prejudice and without costs.